UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

                                                10 CR 68 (SJ) (SMG)

      v.

                                                <u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

ANTHONY TUOZZO,

               Defendant.

-------------------------------------------------X

A P P E A R A N C E S
LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Celia Cohen
Attorney for the United States

JAMES R. FRACCARO, JR.
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
By:    James Froccaro, Jr.
Attorney for Defendant

JOHNSON, Senior District Judge,

       Defendant Anthony Tuozzo ("Defendant" or "Tuozzo") is charged in a second superseding indictment with various Hobbes Act offenses, including robbery, conspiracy to commit robbery and discharging a firearm during a crime of violence. The facts and circumstances surrounding the instant motion are fully set forth in

1

prior orders surrounding the motion to dismiss filed by Tuozzo's co-defendant Katosh Pantoliano ("Pantoliano") and in the July 18, 2011 Report and Recommendation of Magistrate Judge Steven Gold, and familiarity with each is assumed. (See Docket Nos. 39 (recommending that the Court to grant Pantoliano's May 20, 2010 motion to suppress (the "First Report")), 73 (order adopting same), 122 (second Report and Recommendation (the "Second Report") recommending that the Court deny the instant motion to suppress).) Briefly, at issue now is a witness identification that Tuozzo seeks to suppress on the ground that it was unduly suggestive. Specifically, Tuozzo argues the government has not proven that the witness's identification of him as the getaway driver was independently reliable to the extent necessary to neutralize the unduly suggestive showup procedure leading to his arrest.

On June 22, 2011, Judge Gold held a hearing at which Special Agent Asheya Winston of the Bureau of Alcohol, Tobacco and Firearms testified that she interviewed the victim of the robbery allegedly committed by Tuozzo and Pantoliano as well as the witness who identified them. (Second Report at 3-4.) Agent Winston testified that the witness ("Witness") saw Tuozzo in a car parked outside of a juice bar where the Witness worked. The Witness was taking out the garbage and recognized Tuozzo as a familiar patron of the juice bar. (Id.) After he returned inside, the Witness heard a shot, went back outside, saw a man in a hooded sweatshirt enter the car in which Tuozzo sat, and saw the vehicle drive away. (Id. at

4.) Agent Winston testified that the Witness had sufficient time and visibility to record the license plate number accurately. (Id.) Within an hour, the police had identified the vehicle and located Tuozzo and Pantoliano near Tuozzo's home. The Witness and victim were driven in a squad car to that location and identified both defendants on the scene. (Id.)

I adopted Judge Gold's recommendation that, under those circumstances, the identification of Pantoliano be deemed inadmissible. However, when the First Report was issued, Tuozzo had yet to be indicted or arraigned. He has since been indicted and filed the instant motion to suppress the Witness' identification, which was also referred to Judge Gold on March 28, 2011.

DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections are made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any other standard, the factual and legal conclusions of

the magistrate as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, Tuozzo disputes Judge Gold's conclusion that Agent Winston's testimony is credible and reliable. In essence, Tuozzo asks the Court to compare the identification of Pantoliano (which was suppressed) to the Witness' identification of him. I have reviewed Tuozzo's argument de novo and concluded that it is without merit.

If the Witness' identification is independently reliable, it matters not that the showup procedure was unnecessarily suggestive. See Raheem v. Kelly; 257 F.3d 122 (2001); Neil v. Biggers, 409 U.S. 188. 198-99 (1972). Here, the identification is of Tuozzo, who the Witness recognized prior to the robbery. Therefore, unlike Pantoliano, Tuozzo's identification may very well be grounded in something more than a suggestive showup.

The parties agree that Biggers applies in determining whether an identification is independently reliable. These factors include

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the

> confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200. Where the parties disagree is in Judge Gold's determination that the totality of circumstances rendered the Witness' identification reliable. Specifically, and with reference to Biggers, Judge Gold found that the Witness had the opportunity to see the driver twice and record the license plate number, indicating both that the area was well-lit and that he paid close attention. Judge Gold also cited the fact that the Witness recalled previously seeing Tuozzo at the juice bar and found this to bolster the identification. Finally, Judge Gold took note of the Witness' confidence in making the identification, and the short span of time between the crime and the identification.

Tuozzo argues that government called Agent Winston rather than the New York City Police Department officers who responded to the scene and participated in the identification. The government also did not call the victim. Tuozzo also complains that the Witness did not initially mention to the responding officers that he knew Tuozzo from the juice bar and that the Witness answered inconsistently when asked whether he'd seen Tuozzo's face.

The fact that the government's witness was Agent Winston, and not a responding officer, is of no consequence and I credit Judge Gold's determination that Winston provided credible testimony. I also agree with Judge Gold's conclusion that, despite not providing a description of the driver, the Witness' identification was

reliable because he recognized Tuozzo from the juice bar and properly recorded Tuozzo's license plate. I reject the argument that because the Witness denied seeing Tuozzo's face at one interview with Agent Winston, the Witness' account is not credible. As stated by Judge Gold, the Witness claimed to have been afraid of retaliation, and in any event has no apparent motive to be untruthful.

I have reviewed these and Tuozzo's remaining arguments, de novo, and I find them to be without merit. Therefore, I adopt and affirm Judge Gold's Report in its entirety.

SO ORDERED.

DATED: November 15, 2011 _____/s_____
      Brooklyn, New York          Sterling Johnson, Jr, U.S.D.J.